UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ELDON BREEDLOVE,

                  Petitioner,

v.

STATE OF WASHINGTON,

                  Respondent.

Case No. C19-5344-BHS-TLF

ORDER TO SHOW CAUSE, ORDER STRIKING PETITIONER'S "MOTION FOR SUMMARY JUDGMENT" AND "MOTION REQUESTING THE COURT RULE ON THE PETITION FOR WRIT OF HABEAS CORPUS" AS PREMATURE

      Petitioner James Eldon Breedlove, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his 2016 conviction and sentence in Cowlitz County Superior Court for First Degree Rape of a Child, First Degree Child Molestation, Criminal Impersonation, and Failure to Register as a Sex Offender. *Id*. The petition has not been served on respondent.

<u>Order to Show Cause – Rule 4 and Exhaustion</u>

      Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

      The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds

raised in this federal habeas petition. Dkt. 6, at 10. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 6, at 5-12.[1] However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2] The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition without prejudice.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all ground for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 6, at 1-10. **If the petitioner has, in fact, raised any of the grounds raised in this petition to the highest state court, either on direct appeal or through a state post-conviction proceeding, he should indicate as such in responding to this order.**

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

ORDER TO SHOW CAUSE, ORDER STRIKING
PETITIONER'S "MOTION FOR SUMMARY JUDGMENT"
AND "MOTION REQUESTING THE COURT RULE ON
THE PETITION FOR WRIT OF HABEAS CORPUS" AS
PREMATURE - 2

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, it would appear his petition is not eligible for federal habeas review. Dkt. 6, at 1-12. Therefore, the Court orders petitioner to show cause why his petition is cognizable for federal habeas review and should not be dismissed without prejudice.

ORDER TO SHOW CAUSE, ORDER STRIKING
PETITIONER'S "MOTION FOR SUMMARY JUDGMENT"
AND "MOTION REQUESTING THE COURT RULE ON
THE PETITION FOR WRIT OF HABEAS CORPUS" AS
PREMATURE - 3

### "Motion for Summary Judgment" and "Motion Requesting the Court Rule on the Petition"

The Court notes that, subsequent to filing his petition, petitioner has also filed documents which were docketed as a "Motion for Summary judgment" and a "Motion Requesting the Court Rule on the Petition." Dkts. 8, 9. Petitioner's motions both request that the Court "proceed in a summary way" to decide the petition. *Id.* Petitioner's motions merely repeat the jurisdictional arguments above and call for the court to consider the merits of his constitutional claims without considering exhaustion. Dkts. 8, 9. In his motions, petitioner contends that because a habeas petition is "an original action," and "not an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1). Furthermore, because as described above the petition currently before the Court is deficient and has not been served, petitioner's "Motion for Summary judgment" (Dkt. 8) and "Motion Requesting the Court Rule on the Petition" (Dkt. 9) are premature. Accordingly, the Clerk is directed to strike petitioner's motions without prejudice as premature.

### CONCLUSION

Based on the foregoing discussion, the Court finds that this petition is not eligible for federal habeas review. The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed without prejudice, to allow him to exhaust his claims in the state courts. Petitioner must show cause by **August 2, 2019**. The failure to file a timely response may

result in the dismissal of this matter without prejudice.

The Clerk is directed to **strike petitioner's "Motion for Summary judgment" (Dkt. 8) and "Motion Requesting the Court Rule on the Petition" (Dkt. 9) without prejudice as premature.**

Additionally, the Clerk is **directed to substitute Jeffrey A. Uttecht** as the Respondent in this action.[3] The Clerk is also directed to update the case title.

Dated this 2nd day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

[3] The Court substitutes Superintendent of Coyote Ridge Corrections Center, Jeffrey Uttecht, as the respondent. According to his petition, petitioner is currently confined at Coyote Ridge Corrections Center in Connell, Washington. Dkt. 6, at 1. Under Rule (2)(a) of the rules governing § 2254 Cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."