UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ELDON BREEDLOVE,

                Petitioner,

    v.

JEFFREY A UTTECHT,

               Respondent.

Case No. C19-5344-BHS-TLF

ORDER TO SHOW CAUSE AND STRIKING MOTION TO SUBSTITUTE RESPONDENT (DKT. 10) AS MOOT

Petitioner James Eldon Breedlove, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his 2016 conviction and sentence in Cowlitz County Superior Court for First Degree Rape of a Child, First Degree Child Molestation, Criminal Impersonation, and Failure to Register as a Sex Offender. *Id*. The petition has not been served on respondent.

<u>Order to Show Cause – Rule 4 and Exhaustion</u>

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal as unexhausted and procedurally defaulted. Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 6, at 10. Petitioner indicates that he does not intend to bring his

ORDER TO SHOW CAUSE AND STRIKING MOTION TO
SUBSTITUTE RESPONDENT (DKT. 10) AS MOOT - 1

claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 6, at 5-12. However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

The Court previously ordered the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition without prejudice for failure to exhaust state court remedies. Dkt. 11. Petitioner filed a response to the order to show cause in which he, in part, argued that he is now procedurally defaulted, and thus no longer has available state court remedies, but that he can show cause and prejudice to overcome that procedural default. Dkt. 12. In light of this response, the Court will allow petitioner an opportunity to further address the issue of procedural default.

A petitioner may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner does not argue he has done so here. However, because it has been more than one year since his conviction (in 2016), it appears that his habeas claims may be procedurally defaulted in the State of Washington; if he attempts to present them in a state court challenge at this time, his claims would likely be denied on procedural grounds. Under RCW 10.73.090, any

collateral challenges filed after the judgment and sentence becomes final -- and the one-year statute of limitations runs out -- are barred. If the state courts procedurally bar his claims then none of those claims would be cognizable in a habeas corpus petition filed in federal court; the federal court would be required to dismiss absent a showing of cause and prejudice or actual innocence.

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he

miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence in order to overcome the procedural bar. Accordingly, the Court orders petitioner to show cause why his petition should not be dismissed *with prejudice* as unexhausted and procedurally barred by demonstrating cause and prejudice, or presenting evidence of actual innocence.

## CONCLUSION

Based on the foregoing discussion, the Court **orders the petitioner to show cause** in writing why his petition should not be dismissed *with prejudice* as unexhausted and procedurally barred by demonstrating cause and prejudice as discussed above, and/or presenting evidence of actual innocence. Petitioner must show cause by **October 18, 2019**. **Petitioner's response should be no more than 10 pages.** The failure to file a timely response may result in the dismissal of this matter.

**The Clerk is also further directed to strike petitioner's motion to substitute respondent (Dkt. 10) as moot in light of the Court's order substituting the respondent (Dkt. 11).**

Dated this 25th day of September, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge