1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ELDON BREEDLOVE,

               Petitioner,

   v.

JEFFREY A UTTECHT,

               Respondent.

Case No. C19-5344-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for May 29, 2020

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. The petition has not been served on the respondent. As discussed below, petitioner has been given opportunities to explain why his petition should not be dismissed first as unexhausted and second as procedurally defaulted. Petitioner has failed to demonstrate he has exhausted his state court remedies and, even if petitioner were now procedurally barred from bringing those claims in state court, he fails to demonstrate cause and prejudice to overcome the procedural default.

For the reasons set forth below, the undersigned recommends the Court dismiss the federal habeas petition without prejudice as unexhausted. Also, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his May 3, 2016, conviction and sentence in Cowlitz County Superior Court for First Degree Rape of a Child, First Degree Child Molestation, Criminal Impersonation, and Failure to Register as a Sex Offender. Dkt. 6. Petitioner seeks release

REPORT AND RECOMMENDATION - 1

1  from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a

2  result of the abrogation of my federally conferred Constitutional rights by the State of

3  Washington and its willful defiance of the established procedures and processes set

4  forth by the U.S. Constitution." *Id.*, at 5. Petitioner contends his federal constitutional

5  rights were violated because he was not charged in the state court by Grand Jury

6  Indictment as required by the Fifth Amendment. *Id.*

7       Petitioner does not indicate he has exhausted his state court remedies. Dkt. 6.  In

8  fact the petition affirmatively states that petitioner has not directly appealed his

9  conviction nor has he raised the grounds raised in his petition through a post-conviction

10 motion or petition for habeas corpus in a state trial court. *Id.*, at 5-13. Petitioner states

11 that he did not appeal to the highest state court having jurisdiction because "[t]he State

12 of Washington does not have jurisdictional authority to decide on United States

13 Constitution matters, which are outside it's [sic] jurisdictional or statutory governing

14 limits." *Id.*, at 7-13.

15      By order dated July 2, 2019, petitioner was given an opportunity to show cause

16 why his petition should not be dismissed for failure to exhaust his state judicial

17 remedies. *See* Dkt. 11. Petitioner was advised that a state prisoner is required to

18 exhaust all state court remedies, by fairly presenting claims of violation of federal rights

19 before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. §

20 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he must

21 finish "one complete round of the State's established appellate review process," up to

22 the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*,

23 526 U.S. 838, 845 (1999).

24

25

1    Petitioner filed a response to the order to show cause in which he did not dispute

2    that he failed to present the claims raised in his petition to the highest state court but

3    argued that state court remedies were no longer available because his claims are now

4    procedurally defaulted. Dkt. 12. Petitioner also argued that he could show cause and

5    prejudice to overcome his procedural default. *Id.* In light of this response, the Court

6    issued a second order to show cause in which it set forth the legal standard for

7    overcoming a procedural default and directed petitioner to show cause why the claims

8    in his petition should not be dismissed as procedurally barred. Dkt. 13. Petitioner

9    submitted another response containing vague and conclusory assertions of

10   prosecutorial misconduct, suppression of evidence, ineffective assistance of counsel,

11   and actual innocence. Dkt. 14.

12                                    DISCUSSION

13   Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly

14   examine a habeas petition when it is filed, and if it plainly appears from the petition and

15   its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

16   **A.    Exhaustion**

17   Petitioner plainly admits he has brought no appeals and no post-conviction

18   proceedings in state court with respect to the grounds raised in this federal habeas

19   petition. Dkt. 6, at 1-13. Petitioner indicates that he does not intend to bring his claims to

20   the state courts—state courts would never have the opportunity to consider the habeas

21   claims raised in his federal petition—asserting that the state courts lack jurisdiction over

22   issues that are raised under the United States Constitution. *Id.*, at 5-12. [1] However, the

23   _____

24   [1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in
     response to the question of whether all grounds for relief raised in the petition have been presented to the

25

1  exhaustion of state court remedies is a prerequisite to granting a petition for writ of

2  habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

3      A state prisoner is required to exhaust all state court remedies, by fairly

4  presenting claims of violation of federal rights before the state courts, before seeking a

5  writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter

6  of comity, intended to afford the state courts the "initial opportunity to pass upon and

7  correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S.

8  270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like

9  federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838,

10 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must

11 finish "one complete round of the State's established appellate review process," up to

12 the highest state court with powers of discretionary review. *Id.*, at 845.

13     A federal court must dismiss a federal habeas corpus petition if its claims are

14 unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*

15 *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*

16 *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state

17 remedies have been exhausted even if the state does not raise the issue").

18

19 _____

   highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or
20 scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and
   unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or
21 in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over
   issues that are raised under the United States Constitution. *Id.*, at 1-10. Petitioner was alerted to this
22 issue and given an opportunity to show cause why the petition should not be dismissed for failure to
   exhaust his state court remedies.

23 [2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of
   a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
   (A) the applicant has exhausted the remedies available in the courts of the State[.]"

24

25

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe he would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court.[3][4] Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287,

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case

1   1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be

2   properly filed, a claim must have been exhausted at the time of filing.").

3   **B.    Procedural Default**

4   Petitioner argues in response to the Court's orders to show cause that he no

5   longer has state court remedies available because it has been more than a year since

6   his conviction and sentence became final. Because more than one year has passed

7   since petitioner's conviction (in 2016), his habeas claims may be procedurally defaulted

8   in the State of Washington; if he attempts to present them in a state court challenge at

9   this time, his claims may be denied on procedural grounds. Under RCW 10.73.090, any

10  collateral challenges filed after the judgment and sentence becomes final -- and the

11  one-year statute of limitations runs out -- are barred. If the state courts procedurally bar

12  petitioner's claims, then none of those claims would be cognizable in a habeas corpus

13  petition filed in federal court; the federal court would be required to dismiss absent a

14  showing of cause and prejudice or actual innocence. The Court notes that it has

15

16  _____

17  No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court
    remedies and because grounds raised in petition are without merit).

18  4 The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as
    it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution
19  of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of
    State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due
    process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by
20  criminal information). This rule has been specifically applied to Washington's state practice of prosecution
    by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v.
21  Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D.
    Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised
22  in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019)
    (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without
23  merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to
    exhaust state court remedies and because grounds raised in petition are without merit). However, the
    Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has
24  failed to exhaust his state court remedies.

25

1    discretion to raise and address the issue of procedural default *sua sponte* at this point in

2    the proceedings. *See Boyd v. Thomson*, 147 F.3d 1124 (9th Cir. 1998).

3        Unless it would result in a "fundamental miscarriage of justice," a petitioner who

4    procedurally defaults may receive review of the defaulted claims only if he demonstrates

5    "cause" for his procedural default and "actual prejudice" stemming from the alleged

6    errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The petitioner must show an

7    objective factor actually caused the failure to properly exhaust a claim. Interference by

8    state officials, the unavailability of the legal or factual basis for a claim, or

9    constitutionally ineffective assistance of counsel may constitute cause. *Murray v.*

10   *Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient

11   cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800

12   F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991). To

13   show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the

14   errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

15   substantial disadvantage, infecting his entire trial with error of constitutional

16   dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

17       "[I]n an extraordinary case, where a constitutional violation has probably resulted

18   in the conviction of one who is actually innocent, a federal habeas court may grant the

19   writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*,

20   130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet

21   this manifest injustice exception, [the petitioner] must demonstrate more than that 'a

22   reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379

23   (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it

24

25

1    is more likely than not that no reasonable juror would have convicted him in the light of

2    the new evidence." *Schlup*, 513 U.S. at 327.  "[T]he miscarriage of justice exception is

3    concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523

4    U.S. 538, 559 (1998) (citation omitted).

5        Therefore, a petitioner must demonstrate cause (such as an objective external

6    factor outside his control that excused his procedural default) and prejudice (an error of

7    constitutional proportions that infected his whole trial), or evidence of actual innocence

8    in order to overcome a procedural default.

9        Petitioner offers several arguments for why the Court should consider his habeas

10   claims despite his failure to raise and exhaust those claims in state court. Specifically,

11   he argues the state court lacks jurisdiction over federal constitutional issues, there has

12   been a clear constitutional violation, and he is certain the state court proceedings would

13   result in his claims being rejected. Dkts. 6, 12. As discussed above, the state courts

14   have authority to adjudicate whether the federal constitutional rights of a state criminal

15   defendant were violated; petitioner's beliefs that there has been a clear constitutional

16   violation and that he would not be successful if he presented his claims to the state

17   court does not excuse his failure to do so. *See* 28 U.S.C. § 2254(d)(1); *Roberts*, 847

18   F.2d at 530; *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981) (per curiam) ("[O]bvious

19   constitutional errors, no less than obscure transgressions, are subject to the

20   [exhaustion] requirements of § 2254(b). . . .").

21       Petitioner also relies on Revised Code of Washington (RCW) 7.36.010 and

22   various cases discussing that statute to support his argument that he is not required to

23   exhaust state court remedies prior to bring a habeas corpus petition. Dkt. 12, at 13. Yet

24

25

REPORT AND RECOMMENDATION - 8

1   RCW 7.36.010 governs state habeas corpus proceedings in state court -- not federal

2   habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. Petitioner's citations

3   to this statute and case law do not support his arguments.

4       Petitioner also argues he is now time-barred from bringing these claims in state

5   court but that the Court should nevertheless consider his habeas claims because the

6   prosecutor "suppressed evidence and discovery in petitioner's state trial court

7   proceedings", he had "ineffective assistance of counsel" and he is "actually innocent."

8   Dkts. 12, 14. But petitioner offers no facts or new evidence to support any of these

9   claims -- which are not raised as separate grounds for habeas relief in his petition.[5]

10      Nor does petitioner link these conclusory arguments to his failure to raise the

11  claims presented in his habeas petition to the state courts. Petitioner contends his

12  habeas claims are based on "new found federal constitutional error." Dkt. 14. But the

13  factual and legal basis for these claims -- that the Washington State Constitution

14  violates the Fifth Amendment of the United States Constitution by allowing for

15  prosecution by information – are not "new" but were available to petitioner at the time of

16  his conviction and sentence. The fact that petitioner may not have been personally

17  aware of the grounds for habeas relief raised in his petition until his time to raise those

18  claims in the state courts had expired, does not constitute cause to overcome his

19  procedural default. "Mere ignorance of the law and pro se status is insufficient to

20  establish 'cause' to excuse a default." *Williams v. Hackner-Agnew*, 2017 WL 6611568

---

22  [5] The Court also notes that "[a] procedurally defaulted ineffective-assistance claim can serve as cause to
23  excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause
    and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529
    U.S. 446, 120 S. Ct. 1587, 1589, 146 L. Ed. 2d 518 (2000).

1    (D. Arizona, Nov. 2, 2017); *see Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905,

2    909 (9th Cir.1986) (illiteracy of pro se petitioner not sufficient to meet cause standard of

3    procedural bar); *see also Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988)

4    (mental condition of pro se petitioner and reliance upon allegedly incompetent jailhouse

5    lawyers did not constitute cause).

6          In sum, even assuming petitioner's claims are procedurally defaulted he cannot

7    show cause for his procedural default as he cannot demonstrate some objective factor

8    external to the defense prevented him from complying with the state's procedural rule.

9          Petitioner also cannot show actual prejudice or that the failure to consider his

10   claims will result in a fundamental miscarriage of justice. Contrary to petitioner's federal

11   habeas claims, it has long been settled that there is no denial of Federal Constitutional

12   rights involved in the substitution of the prosecuting attorney's criminal information for

13   the grand jury's indictment. *See Hurtado v. People of State of California*, 110 U.S. 516

14   (1884) (Rejecting claim that grand jury indictment is essential to due process and that it

15   is a violation of the Fourteenth Amendment for a state to prosecute a defendant by

16   criminal information). This rule has been specifically applied to Washington's state

17   practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct.

18   468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and

19   see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal

20   for failure to exhaust state court remedies and because grounds raised in petition are

21   without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019)

22   (dismissal for failure to exhaust state court remedies and because grounds raised in

23   petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21,

24

25

REPORT AND RECOMMENDATION - 10

2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). [6] Thus, even if petitioner's claims are now procedurally defaulted, petitioner cannot show actual prejudice or that the failure of the Court to consider his claims will result in a fundamental miscarriage of justice.

Petitioner also argues he is "actually innocent" but that "due to suppression by prosecutor and state officials" he cannot bring forth the evidence to prove his "actual innocence." Dkt. 14. But petitioner fails to describe what evidence he is referring to or what actions prosecutors supposedly took to suppress that evidence. To meet the actual innocence exception to the procedural bar, "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

Petitioner's conclusory assertions do not raise even a colorable claim of actual innocence. *Casey v. Moore*, 386 F.3d 896, 921 n.27 (9th Cir. 2004) ("[T]he fundamental miscarriage of justice exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence, which [petitioner] has not done."); *Ratliff v. Hedgepeth*, 712 F. Supp. 2d 1038, 1054 (C.D. Cal. 2010) (A "conclusory assertion is clearly insufficient to meet [the Schlup] standard."). Thus, even assuming petitioner is procedurally barred from bringing his

---

[6] Petitioner also appears to argue that the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid. The Thirteenth Amendment provides that, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ...." U.S. Const. Amend. XIII, § 1. However, this Thirteenth Amendment claim is derivative of petitioner's Fifth Amendment claim and, as noted above, a state may charge a criminal defendant by information; failure to utillize a grand jury does not offend the due process clause. Furthermore, the Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

claims in state court, he fails to offer even colorable arguments of cause and prejudice or actual innocence -- nor does he allege facts to support these arguments.

Yet, "a federal district court should dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein." *Fisher v. Clark*, 2014 WL 1457816, n. 8 (C.D. Cal. April 14, 2014) (*citing Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

While it appears possible petitioner may be procedurally barred from bringing his habeas claims in state court, the record here does not permit the Court to conclude that petitioner is foreclosed, as a matter of state law, from exhausting the claims raised in the petition. Furthermore, the Court notes that, in his arguments regarding "cause" and "prejudice" above, petitioner suggests some other potential substantive claims which he does not raise as claims in this habeas petition and which are not properly before the Court. In the event petitioner intends to attempt to pursue these other claims, or is in the process of pursuing them, a dismissal without prejudice here allows him the opportunity to do so.

<u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice as unexhausted.**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore **recommends that a certificate of appealability be denied.**

<u>DEADLINE FOR OBJECTIONS</u>

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 29, 2020**, as noted in the caption.

Dated this 4th day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge